Heedong Chae (SBN: 263237)
Email: hdchae@lucemlaw.com
**Lucem PC**
801 S Figueroa STE. 2000
Los Angeles, CA 90017
Phone: 213-387-3630
Fax: 213-863-6332

***Attorney for Plaintiff,***
***JCMK GLOBAL, INC.***

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JCMK GLOBAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN MENGBEITE PET SUPPLIES CO., LTD., a China company; YIWU BLUE PET E-COMMERCE COMPANY, A/K/A Amazon Seller SUPET, a China company; SUPET PETSUPPLIES, INC., a Delaware corporation; DOES 1 though 10, inclusive,<br><br>Defendants. | CASE No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, PATENT INFRINGEMENT, AND TRADE DRESS INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JCMK GLOBAL, INC. ("Plaintiff"), for its Complaint for Copyright Infringement, Patent Infringement, and Trade Dress Infringement against Defendants SHENZHEN MENGBEITE PET SUPPLIES CO., LTD., YIWU BLUE PET E-COMMERCE COMPANY, A/K/A Amazon Seller SUPET, and SUPET

PETSUPPLIES, INC. (“Defendants”), alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*., the Patent Act, 35 U.S.C. § 1 *et seq*., and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

3. This Court has personal jurisdiction over Defendants because Defendants have purposefully directed their infringing activities toward this District, transacted business in this District, and offered for sale and sold the Infringing Product to consumers in this District, and because Plaintiff's claims arise from those activities.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## PARTIES

5. Plaintiff JCMK GLOBAL, INC. (hereinafter “Plaintiff”) is a corporation organized and existing under the laws of the State of California, with its principal place of business at 148 S Gramercy Pl #18, Los Angeles, California 90004.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant SHENZHEN MENGBEITE PET SUPPLIES CO., LTD., (hereinafter “Defendant SHENZHEN”) is a business organized and existing under the laws of the People's Republic of China, with its place of business at 201, Bldg 1, No. 42, Hantang 2nd Rd, Baoan CMNY, Yuanshan St, Longgang Dist, Shenzhen, Guangdong 518000, CHINA.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant YIWU BLUE PET E-COMMERCE COMPANY also known as Amazon Seller SUPET (hereinafter “Defendant YIWU”) is a business organized and existing under the laws of the People's Republic of China, with its place of business at Unit 501, 5th

Floor, Building 47, Danxi Phase 1, Beiyuan Subdistrict, Jinhua City, Yiwu City, Zhejiang, 322000, CHINA.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant SUPET PETSUPPLIES INC. (hereinafter "Defendant SUPET") (together with Defendants SHENZHEN and YIWU, collectively, "Defendants") is a business organized and existing under the laws of the State of Delaware, with its place of business at 3422 Old Capitol Trl, Ste 448, Wilmington, Delaware 19808-6124.

9. Plaintiff is unaware of the true names and capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, but is informed and believes, and thereon alleges, that each of the fictitiously named defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein. Plaintiff therefore sues these defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.

## FACTUAL ALLEGATIONS

10. Plaintiff manufactures, markets, and sells products under the brand name AnccoPlus (the "AnccoPlus Product").

11. Plaintiff innovatively developed the AnccoPlus Product and sells it through Amazon. *See* Exhibit "A" for the Amazon listing of the AnccoPlus Product.

12. Plaintiff has obtained a trademark registration for the mark "AnccoPlus" with the USPTO Trademark Registration No. 7217207.

13. Plaintiff is the owner of copyrights for the product photos, images, and marketing materials for the AnccoPlus Product, and has obtained the Copyright Registration No. VA 2-394-629 for its representative image. *See* Exhibit "B" for the copyright registration. The author/claimant of the copyright registration has assigned the copyright to Plaintiff.

14. Plaintiff has also sought patent protection for its innovative AnccoPlus Product, including through two utility patent applications and two design patent

applications.

15. Plaintiff is the owner of all right, title, and interest in and to United States Patent No. 12,564,275, entitled "Pet Sling Carrier" ("the '275 patent"). A true and correct copy of the '275 patent is attached hereto as Exhibit C. The '275 patent is incorporated herein by reference.

16. Plaintiff is the owner of the trade dress rights in the pet carrier design and the connecting pad design incorporated into the AnccoPlus Product. The connecting pad design is shown below:



17. Plaintiff's trade dress for the connecting pad design is characterized by the following combination of features: a circular base panel having a piped peripheral edge; a circular cover panel overlying the base panel and defining four symmetrically arranged inwardly arcuate openings around its perimeter; and a centrally positioned, rotated diamond-shaped inner panel stitched to the base panel, with the stitching visible on the reverse side of the base panel as a rotated diamond-shaped pattern.

18. Plaintiff's trade dress for the pet carrier design is further characterized, in addition to the features of the connecting pad design, by two upper openings positioned adjacent the upper portion of the circular cover panel through which folded draped sling panels extend, and two lower openings positioned adjacent the lower portion of the circular cover panel through which linear straps extend, with all four openings being symmetrically arranged around the circular cover panel.

19. The AnccoPlus Product has been very successful in the market, with

over 1,300 customer ratings and an average rating of 4.3 out of 5.0.

20. Following the commercial success of the AnccoPlus Product, numerous imitations have emerged, including the Infringing Product offered and sold by Defendants under the SUPET name.

21. Defendants have offered for sale and sold a counterfeit product (the "Infringing Product") through Amazon under ASINs: B0F65NVN9F, B0F65LLMC9, B0H4QJGD85, B0H4QMJ8MY, B0FRRX2NZ3, B0FRS4WQCN, B0F65M648R, B0F65KH4NP, B0H4QHZT1G, B0H4QMWB9L, B0GTV74VN5, B0GTV5VRB2, B0GTV237KC, B0GTVDK4WJ, B0GJSW3L71, B0GJSYF4H6, B0GJSQFKCJ, B0GJSNDY11, B0H6RSXDMW, B0H6RLZ3D4, B0H6RPJF6Q, B0H6RZXC22, and B0G51LQFFR. The Infringing Product infringes Plaintiff's copyrights, patent, trade dress, and other intellectual property rights. *See* Exhibits D, E, F, G, and H for the Amazon listing of the Infringing Product.

22. Defendant SUPET has also offered for sale and sold the Infringing Product through its website at www.supetus.com. *See* Exhibit I.

23. Defendants copied numerous photos, images, and texts from Plaintiff's copyrighted materials for the AnccoPlus Product, thereby infringing Plaintiff's copyrights, including the Copyright Registration No. VA 2-394-629.

24. Exhibit "J" presents a side-by-side comparison of the AnccoPlus Product and the Infringing Product, revealing numerous photos, images, and texts that are strikingly identical or substantially similar, thereby demonstrating that the Infringing Product is a counterfeit of the AnccoPlus Product.

25. Defendants have directly infringed at least independent claim 1 of the '275 patent in connection with the Infringing Product, as shown in the preliminary claim chart attached hereto as Exhibit K, which is incorporated herein by reference.

26. For example, without Plaintiff's permission or authorization, Defendants have made, used, sold, offered for sale, and/or imported the Infringing Product that incorporates one or more of the inventions claimed in the '275 patent,

including at least claim 1. Defendants' Infringing Product has met every limitation of claim 1 of the '275 patent, either literally or under the doctrine of equivalence.

27. Claim 1 of the '275 patent is directed to a pet carrier with a connecting panel which includes a base panel, an inner panel, and a cover panel that cooperate to form an integrated panel assembly. The connecting panel securely joins and reinforces the constituent panels to provide a durable and stable structure for the pet carrier. By improving the structural integrity and secure connection of the carrier, the claimed invention enhances user and pet safety, increases comfort during use, facilitates reliable assembly, and provides a stable carrying structure that better distributes the pet's weight while securely supporting the pet during transportation. These improvements enable a comfortable, hands-free carrying experience while reducing stress on the user and helping keep the pet secure and at ease.

28. The Infringing Product is a pet carrier which includes a connecting panel having a base panel, an inner panel, and a cover panel arranged and connected in the same manner as claimed in Claim 1 of the '275 patent. The Infringing Product utilizes this panel structure to form an integrated pet carrier that securely supports the pet while improving the structural integrity and stability of the carrier. As advertised by Defendant, the Infringing Product provides a hands-free carrying experience, evenly distributes the pet's weight across the user's upper body to reduce strain on the back, shoulders, neck, and waist, securely retains the pet during use, and enhances comfort and safety for both the user and the pet during transportation. Accordingly, the Infringing Product infringes the '275 patent.

29. Furthermore, Defendants have infringed Plaintiff's trade dress by offering and selling the Infringing Product that copied the distinctive overall appearance of Plaintiff's AnccoPlus product.



**COUNT 1:**

**FOR COPYRIGHT INFRINGEMENT**

30. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

31. Defendants had access to Plaintiff's copyrighted materials located at Plaintiff's Amazon listing.

32. Defendants infringed Plaintiff's copyrights by reproducing, preparing derivative works from, distributing, displaying, and/or otherwise exploiting Plaintiff's copyrighted materials without authorization.

33. Exhibit "J" presents a side-by-side comparison of the AnccoPlus Product and the Infringing Product, revealing numerous photos, images, and texts that are strikingly identical or substantially similar, thereby demonstrating that the Infringing Product is a counterfeit of the AnccoPlus Product. Thus, Defendants have infringed Plaintiff's copyrights, including the Copyright Registration No. VA 2-394-629.

34. For example, Defendants used JCMK's copyrighted photograph as a reference in creating promotional imagery for the Infringing Products. As shown in Exhibit J, Defendants' photograph replicates several aspects of the selection and

arrangement depicted in JCMK's photograph, including a front-facing female model wearing a white short-sleeved shirt and dark front-mounted pet carrier, a small white dog prominently positioned at the center of the model's chest, a substantially white background, and a secondary image depicting the rear configuration of the carrier. In both rear-view images, the model's hair is styled or positioned away from the shoulders and upper back so that the carrier's rear configuration remains unobstructed and the shoulder straps and central connecting panel are prominently displayed. Both rear views are also isolated from the principal image through a circular or substantially circular crop and serve the same visual function of highlighting the rear structure of the carrier. Defendants' use of these elements, viewed together and in the context of Defendants' access to JCMK's copyrighted photograph, constitutes unauthorized copying of JCMK's protected photographic expression.

| AnccoPlus Product | Supet's Infringing Product |
|---|---|
|  |  |

35. Due to Defendants' acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

36. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained profits they would not otherwise have realized but for their infringement of Plaintiff's copyrighted materials.

37. The infringement of its copyrighted design was willful, reckless, and/or

in blatant disregard for Plaintiff's rights as a copyright holder such that a finding of willful copyright infringement is warranted.

38. Defendants' ongoing and threatened copyright infringement has caused and, unless enjoined, will continue to cause irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is therefore entitled to temporary, preliminary, and permanent injunctive relief under 17 U.S.C. § 502.

**COUNT 2:**

**FOR PATENT INFRINGEMENT**

39. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

40. Defendants have infringed and are infringing the '275 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States at least the Infringing Product.

41. As just one non-limiting example, set forth in Exhibit K is an exemplary claim chart evidencing Defendants' infringement of claim 1 of the '275 patent in connection with the Infringing Product.

42. Defendants have committed the foregoing infringing activities without permission, authorization, or license.

43. Defendants' infringement since receiving notice of the '275 patent has been willful.

44. Plaintiff has complied with all applicable requirements of 35 U.S.C. § 287 such that it is entitled to past damages for infringement.

45. Plaintiff has been damaged by Defendants' infringement of the '275 patent, and Plaintiff is entitled to recover damages for Defendants' infringement, which damages cannot be less than a reasonable royalty, including enhanced damages for Defendants' willful infringement.

46. Defendants' ongoing and threatened infringement of the '275 Patent has caused and, unless enjoined, will continue to cause irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is therefore entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283.

**COUNT 3:**

**FOR TRADE DRESS INFRINGEMENT**

47. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

48. Plaintiff's trade dress includes the connecting pad design and the pet sling design incorporated into the AnccoPlus Product.

49. Plaintiff's trade dress is distinctive and has acquired secondary meaning as consumers have come to recognize it as identifying Plaintiff as the source of the high-quality product.

50. Plaintiff's trade dress is non-functional, meaning it is neither essential for its use or purpose nor does it impact the cost or quality of the product.

51. Defendants are engaged in the sale of the Infringing Products in interstate commerce.

52. The overall appearance of Defendants' Infringing Product is identical or confusingly similar to Plaintiff's trade dress.

53. Defendants have infringed Plaintiff's trade dress in the connecting pad design incorporated into the AnccoPlus Product.

54. Defendants have infringed Plaintiff's trade dress in the pet sling design incorporated into the AnccoPlus Product.

55. Defendants intentionally copied Plaintiff's trade dress and adopted a confusingly similar product appearance that is likely to cause consumer confusion, mistake, or deception concerning the source, sponsorship, affiliation, or approval of the Infringing Product.

56. Defendants' acts of trade dress infringement have caused and continue to cause damages and injury to Plaintiff, including injury to Plaintiff's goodwill and reputation and dilution of the value of Plaintiff's trade dress.

57. Plaintiff has no adequate remedy at law; Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendants' acts and is therefore entitled to preliminary and permanent injunctive relief to enjoin Defendants' wrongful conduct.

58. Defendants' wrongful, malicious, fraudulent, deliberate, willful, and/or intentional conduct makes this an exceptional case, entitling Plaintiff to an award of attorney's fees and costs under the Lanham Act.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests judgment in its favor and against Defendants as follows:

1. For compensatory damages in an amount to be determined upon proof at trial;

2. For Defendants' profits attributable to the infringement and any other monetary relief permitted by law;

3. For actual damages, statutory damages where available and elected, enhanced damages where authorized, and all other damages permitted by the Copyright Act, Patent Act, and Lanham Act;

4. For preliminary and permanent injunctions enjoining Defendants and all persons acting in concert or participation with them from directly or indirectly infringing Plaintiff's copyrights, the '275 Patent, or Plaintiff's trade dress, including by making, using, importing, reproducing, displaying, distributing, offering for sale, or selling the Infringing Product or infringing materials;

5. For an accounting of Defendants' profits and the damages sustained by Plaintiff as a result of the conduct alleged herein;

6. For costs of suit and reasonable attorney's fees to the extent permitted

by law;

7. For prejudgment and post-judgment interest as provided by law; and

8. For such other and further relief as the Court deems just and proper.

Dated: August 19, 2026

Respectfully submitted,

Lucem PC

By: /s/ Heedong Chae
Heedong Chae
Attorney for Plaintiff
JCMK GLOBAL, INC.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 19, 2026

Lucem PC

By: /s/ Heedong Chae
Heedong Chae
Attorney for Plaintiff
JCMK GLOBAL, INC.